

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
J̶A̶X̶ ~~TALLAHAS~~SEE DIVISION

## CIVIL RIGHTS COMPLAINT FORM

Name: LeSAMUEL PALMER a.k.a.
KING ZULU M. ALI SHABAZZ

3/3/1/13

Inmate # L41347

CASE NO: 3:14-CV-362-J-20JBT

v.

RONNIE L. MORRIS, STEPHENS K. DOUGLAS,
ERIC YOUNG

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. <u>PLACE OF PRESENT CONFINEMENT:</u>   Union C. I., 7819 N.W. 228th St., Raiford, Florida 32026.

II. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES:</u> **Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. §1997 e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

III. <u>PREVIOUS LAWSUITS:</u>

   A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   YES

   B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   YES.

   C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s):    LeSamuel Palmer

   Defendant(s):   Walter McNeil

2. Court (if federal court, name the district; if state court, name the county):

   So. District Cir.

3. Docket Number:   09-60771-CIV-SEITZ

4. Name of Judge:   Judge P. A. White

5. Briefly describe the facts and basis of the lawsuit:    Federal Habeas.

6. Disposition (was the case dismissed? Was it appealed? Is it still pending?):   Dismissed

7. Approximate filing date:    May 6, 2004.

8. Approximate disposition date:   Unknown.

Plaintiff(s):       LeSamuel Palmer
Defendant(s):       A. Walker Et. al.
Court:              Middle Dist. Court
Docket #:           2:09-CV-604
Judge:              Douglas N. Frazier
Briefly describe:   8th Amend violation
Disposition:        2009
Approx. disp. Date: 2012

Plaintiff(s):       LeSamuel Palmer
Defendant(s):       B. Bullard Et. al.
Court:              Middle Dist. Court
Docket #            2:11-CV-279
Judge:              S. P. Chappell
Briefly describe:   Dismiss without prejudice
Disposition:        5/11/11
Approx. disp. Date: 2012

Plaintiff(s):       LeSamuel Palmer
Defendant(s):       M. Kraus Et. al.
Court:              Middle Dist. Court
Docket #:           2:09-CV-401
Judge:              S. P. Chappell
Briefly describe:   8th Amend violation
Disposition:        2009
Approx. disp. Date: 2011

Plaintiff(s):       LeSamuel Palmer
Defendant(s):       Norman Et. al.
Court:              Middle Dist. Court
Docket #            3:12-CV-00814
Judge:              M. M. Howard
Briefly describe:   8th Amend./ violation/ 14th
Disposition:        Dismissed without prejudice
Approx. filing date: 7/18/2012
Approx. disp. Date: 2012

Plaintiff(s):       LeSamuel Palmer
Defendant(s):       T.G. Jerdle Et. al.
Court:              Middle Dist. Court
Docket #:           2:10-CV-98
Judge:              Douglas N. Frazier

Plaintiff(s):       LeSamuel Palmer
Defendant(s):       Moran Et. al.
Court:              Middle Dist. Court
Docket #
Judge:              H. W. Mehon

Briefly describe: 8th Amend violation
Disposition:   Dismissed with prejudice
               From an summary judgment.
Approx. file:  3/11/2011
Approx. disp. Date: 2011.

Briefly describe: 8th Amend. violation
File date:     7/9/12
Disposition: Dismissed without prejudice
Approx. disp. Date: 2012.

Plaintiff(s):     LeSamuel Palmer
Defendant(s):     T. Laux Et. al.
Court:            Middle Dist. Court
Docket #:         2:1—CV-438-FTM-29DNF
Judge:            D. N. Frazier
Briefly describe: 8th Amend violation
Disposition:      Dismissed without prej.
Approx. File date: 05/12/11
Approx. dispose: 2012

Plaintiff(s):     LeSamuel Palmer
Defendant(s):     Hemphill Et. al.
Court:            Middle Dist. Court
Docket #          2:10-CV-163
Judge:            D. N. Frazier
Briefly describe: 8th Amend. violation
Disposition:      Dismissed without prejudice
Approx. filing date: 2010
Approx. disp. Date: 2011

Plaintiff(s):     LeSamuel Palmer
Defendant(s):     Sec. DOC et.al.
Court:            Middle Dist. Court
Judge:            M. C. Richardson
Docket #          3:12-CV-00775-HLA-MLR

Plaintiff:   LeSamuel Palmer
Defendant: Ronnie L. Morris et. al
Court: Middle Dist. Court
Judge: J. B. Tooney
Describe: Violation of 8th Amendment
Dispostion: Dismissed without prejudice
Approx. filing: 10/17/12
Disposition date: 2012

Plaintiff:    LeSamuel Palmer
Defendant:    State of Florida
Court:        Middle Dist. Court
Docket #      3:12-CV-590

Plaintiff: LeSamuel Palmer
Defendant: State of Florida
Court: So. Dist. Court
Docket # 0:12-CV-60613
Judge: W. J. Zloct

## STATE COURT FILING:

Defendant:   Tomlinson
Case No:     2010-CA-2031
Court:       Charlotte County

Defendant: McNeil
Case No: 2010-CA-3746
Court: Charlotte County

Defendant:   Tomlinson
Case No:     2010-CA-4203
Court:       Charlotte County

Defendant: McNeil
Case No: 2011-CA-29
Court: Charlotte County
Filed: In 5/11

Defendant:   McNeil
Case No:     2011-CA-215
Court:       Leon County
Filed:       1/24/11

3

NOTE: If Plaintiff left out any filed lawsuit, it was not intentionally. The above filing is best of Plaintiff's knowledge.

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? Is so, identify these suits by providing the case number, the style, and the disposition of each case: No not as Frivolous, malicious or Failure to State a Claim upon which relief may be granted.

IV. PARTIES:

    A. Name of Plaintiff: LeSamuel Palmer, a.k.a. King Zulu M Ali Shabazz
       Mailing address: Union C.I., 7819 N.W. 228th St., Raiford, Florida 32026.

    B. Additional Plaintiffs: N/A

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment.

    C. Defendant: Ronnie L. Morris
       Address: FSP, 7819 N.W. 228th St. Raiford, Florida 32026
       Position: Sgt.
       Employed at: FSP (Florida State Prison)

    D. Defendant: Stephen K. Douglas
       Address: FSP, N.W. 7819 228th St., Raiford, Florida 32026
       Position: CO-1
       Employed at: FSP (Florida State Prison)

    E. Defendant: Eric Young
       Address: FSP, N.W. 7819 228th St., Raiford, Florida 32026
       Position: CO-1
       Employed at: FSP (Florida State Prison)

V. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

The Defendants violated the Plaintiff's 8th, and 14th Amendment of the United States Constitution which the Defendants created an Act of Deliberate Indifference by the use of excessive force, causing significant injury, endangered Plaintiff's safety and life, submitted false

incident report and created an act of conspiracy caused Plaintiff Palmer pain, suffering, physical injury and emotional distress.

V. <u>STATEMENT OF FACTS:</u> State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s).

    1). On the 19th day of January, 2012, Officer (Sgt.) Ronnie L. Morris; Officer (CO-1) Stephen K. Douglas and Officer (CO-1) Eric Young at the time of the incident was employed at Florida State Prison, which each defendant acted under the color of State Law.

    2). On the 19th day of January, 2012, the Plaintiff LeSamuel Palmer, a.k.a. King Zulu Muhammad Ali Shabazz was housed at Florida State Prison (FSP) on CM-1 (Close Management One) (CM-1 Prisoners have no contact with one another. When transport to A-B/B-A the prisoners is placed in restraints such as handcuffs w/ black box, leg irons, and waist chain and escorted by the minimum of two (2) Correctional Officers) when Officer Morris, Douglas and Young violated the Plaintiff's rights of the United States Constitution.

    3). On the 18th day of January, 2012 Officer (Sgt.) Ronnie L. Morris and Stephen K. Douglas conspired together against the Plaintiff to allow Inmate (I/M) Rashard Williams to have a physical altercation with the Plaintiff on the next following day, January 19th, 2012.

    4). On the 19th day of January, 2012 Ronnie L. Morris and Stephen K. Douglas conspired and arranged for I/M Williams to attack the Plaintiff and allowed them to have an physical altercation with each other. To allow them to have the physical altercation the two defendants removed the hand restraints (cuffs) from the Plaintiff and I/M Williams and endangered the safety and life's of the Plaintiff and I/M Williams by allowing them to strike at each other with closed fist.

    5). On the 19th day of January, 2012 at approximately 7:00 p.m. after the physical altercation of the Plaintiff and I/M Williams, Defendants Ronnie L. Morris, Stephen K. Douglas, and Eric Young used excessive force upon the Plaintiff by striking the Plaintiff with their fist,

elbows, feet and Walkie-Talkies causing unnecessary and wanton infliction of pain. Causing injuries to the Plaintiff.

6). On the 19th day of January, 2012 Ronnie L. Morris and Stephen K. Douglas wrote and submitted false Incident Reports on Plaintiff which made placed the Plaintiff on maximum management where he was put behind an steel door and steel bars, secured in a cell 24/7.

7). The Plaintiff is not attempting to challenge any Disciplinary Action.

VII. <u>RELIEF REQUESTED:</u> State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Plaintiff respectfully prays that this Honorable Court enter judgment granting Plaintiff

1). A declaration that the acts and omissions described herein violated Plaintiff rights under the Constitution and laws of the United States.

2). A preliminary and permanent injunction ordering Defendants to have no whatsoever contact with the Plaintiff.

3). Compensatory damages in the amount of $60,000.00 against each defendant jointly and severally.

4). Punitive damages in the amount of $90,000.00 against each defendant.

5). Criminal charges be placed on each defendant, a jury trial on all issues triable by Jury, Plaintiff's costs in this suit, any additional relief this court deems just.

6). Each defendant is sued individually and in his official capacity at all times mentioned, defendant acted under the color of State Law.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 28 day of March, 2014.

_____
(Signatures of all Plaintiffs)

6

## IF MAILED BY PRISONER:

I DECLARE (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): __✓__ delivered to prison officials for mailing or _____ deposited in the prison's internal mail on: the __28th__ day of __March__, 2014.