UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESAMUEL PALMER a/k/a
KING ZULU M. ALI SHABAZZ,
   Plaintiff,

V.                                          Case NO.: 3:14-CV-362-J-20JBT

RONNIE L. MORRIS, et al.
   Defendants
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS

PLAINTIFF, LeSamuel Palmer, pro.se hereby move this Honorable Court to deny the Defendants Motion to dismiss, For the Follow reason:

### BACK GROUND

1) Mr. Palmer is an Inmate presently housed at Santa Rosa C.I.
2. Mr. Palmer Filed the instant action on 3/28/14 when he placed it into the hands of Prison officials for mailing.
3. Mr. Palmer allegations generally involve an incident that occurred on 1/14/12 while housed at Florida State Prison.

### THREE STRIKES

Mr. Palmer is not a three Striker, due to the sample fact that the Plaintiff never received a Strike. The Defendants can not use dismissals of habeas Corpus to seek strikes within a 1983 Civil Right Complaint. For a dismissal of a habeas Corpus action is not a strike. See Andrews V. King, 398 F.3d 1113, 1122-23 & n.12 (9th Cir 2005)

The Defendants is requiring For this Honorable Judge to unlawful re-open close cases to give the plaintiff strikes on those close cases. On those close cases the Judge(s) never ruled or order for the Plaintiff to receive a strike. Due to that Fact the Plaintiff is not a three Striker.

## A. Plaintiff's Pleadings Do Not Necessarily Imply the Invalidity of a Conviction

A *Heck v. Humphrey* issue is not a jurisdictional bar but rather a defense that is subject to waiver.[1] *Polzin v. Gage*, 636 F.3d 834, 837, 838 (7th Cir. 2011):

> Mr. Polzin maintains that the district court improperly ruled on the merits of his claims. In his view, the district court could not address his constitutional arguments on the merits because Heck required the court to dismiss his case without prejudice. The Heck doctrine is not a jurisdictional bar. . . Because it is not jurisdictional, the Heck defense is subject to waiver. . . We have implied, but never explicitly held in a published opinion, that district courts may bypass the question of whether Heck applies to decide a case on its merits. We now hold explicitly that district courts may bypass the impediment of the Heck doctrine and address the merits of the case.").

Regardless of that fact, however, no *Heck v. Humphrey* issue is raised in the instant case, as the Court ruled in Defendants Motion to Dismiss. The Defendants should not be trying to re-litigate this issue here.

A plaintiff may prevail on an excessive force claim without necessarily implying the invalidity of the underlying conviction for the offense giving rise to the excessive force. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996) ("Because a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction [for assault with a deadly weapon during a traffic stop], *Heck* does not preclude Smithart's excessive force claim."). See also, e.g., *Vinyard v. Wilson*, 311 F.3d 1340 (11th Cir.2002) (defendant who pleaded guilty to offenses for which she was arrested avoided summary

---

[1] Contrary to defendants' claim for an analogy, it is abundantly clear that neither does a failure to exhaust remedies void subject matter jurisdiction. 42 U.S.C. 1997e(2) states that if "a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim *without first requiring the exhaustion of administrative remedies.*" The U.S. Supreme Court emphasized that fact in *Woodford v. Ngo*, 548 U.S. 81 (2009), holding that "§ 1997e(c)(2) still serves a useful function by making it clear that *the PLRA exhaustion requirement is not jurisdictional*, and thus allowing a district court to dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies." *Id.* at 101.

judgment on claim of excessive force in effecting the arrest). *See Wells v. Cramer*, 158 F. App'x. 203, 204 (11th Cir. 2005).

Although Defendants work hard to blur the difference between the language "necessarily imply the invalidity" of the conviction and "cast doubt on" the disciplinary report. Disciplinary reports are not held to a very high standard of proof ("some evidence") and little can be said about the actual process that does not cast doubt on its results. However especially in cases of excessive force the use of a particular level of force can almost always be challenged without challenging the finding that a prisoner violated a rule prior to its exercise.

As the U.S. Supreme Court stated in *Heck v. Humphrey*, "[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994). Here, if the Plaintiff's action does not negate the elements of the rule underlying the disciplinary report, it is not barred by *Heck*. For the Heck bar to apply, a plaintiff must negate "an element of the offense of which he has been convicted" in order to prevail in his civil action. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). That is not to say that because the version of events told by the officer and the plaintiff differ, the suit is barred. Rather, the suit may proceed if, even under the plaintiff's version of events, the conviction "might still be valid." *Hughes* at 1161. As expressed by the Eleventh Circuit in *Dyer v. Lee*, "for Heck to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory." *Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007). The Dyer court goes on to quote the Seventh Circuit:

> Were we to uphold the application of Heck in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution

they choose, while forfeiting the right to sue for damages. Put another way, police subduing a suspect could use as much force as they wanted-and be shielded from accountability under civil law-as long as the prosecutor could get the plaintiff convicted on a charge of resisting. This would open the door to undesirable behavior and gut a large share of the protections provided by § 1983.

*VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir.2006). The *Dyer* court continues, "*Heck* was not intended to be a shield to protect officers from § 1983 suits. It was intended to protect habeas corpus and promote finality and consistency. Provided those goals are met, a § 1983 suit is not barred by *Heck*." 488 F.3d at 884.

In *Harrell v. Goodman*, 4:06-cv-00362-RH-WCS, this Court declined to impose a *Heck* bar in constitutional excessive force litigation where the plaintiff was convicted of battery of a law enforcement officer, resisting an officer with violence, and fleeing and eluding. Id., p. 9. This Court held that the issue was not the averments of the officer or of the criminal information, but whether the elements of the offense were inconsistent with the success of the plaintiff's civil action (Doc. 23, Order on Summary Judgment, 03/09/07).

In the instant case, Plaintiff received disciplinary reports for violating rule 9-17, Disorderly Conduct, and Disobeying an Order. Although each of the reports resulted in punishment by loss of gain time, neither is punishable by being slammed on concrete, beaten, or being sprayed with chemicals, much less being housed for an extended time without clothing in frigid temperatures. Nor are any of those rule violations inconsistent with the allegation that officers violated the Plaintiff's rights through the use of excessive force or failure to intervene in same.

At deposition, Plaintiff did state that the Disciplinary Reports that were written after the excessive force incident were, in fact, false. However his claim is not based on that fact but rather the fact that the force that was used was still excessive whether or not the Disciplinary Reports were true.

In *Curry v. Syracuse*, 316 F.3d 324 (2003), the court held:

> The district court appears in this statement to have accorded collateral estoppel effect not only to the ALJ's finding that Curry struck Lynch, but also to the ALJ's mention in the course of his decision that Curry "reached for something on his ankle, socks." However, unlike the ALJ's finding that Curry struck Lynch, the ALJ's statement that Curry reached for his sock was not necessary to the outcome of the parole revocation hearing. Curry's parole could have been revoked because he struck Lynch, whether or not he reached for his sock. Thus, it would not be proper to accord preclusive effect to this aspect of the ALJ's decision."

Similarly here, the fact that events did not unfold as claimed by the officer in the report was not essential to Plaintiff's constitutional claim. The force that was used was not responsive to the behavior alleged in the Disciplinary Report but continued for a sustained period of time and was clearly a post-incident effort to "teach Plaintiff a lesson" because of his history of grievances against the officers. In any case, there were subsequent uses of force that were not responsive to any alleged wrongful acts by Plaintiff, which took place after Plaintiff was taken off the wing and which provide additional bases for the constitutional complaint.

Within the Plaintiff complaint the Plaintiff never argue that the criminal allegation that was placed on him was or wasn't true. Plaintiff never arguing within his complaint concerning his convictions. The Plaintiff did not contradict the basic elements of the offense of which he are convicted. The was convicted of Resisting an officer with violence, which brought by a conviction of a battery on a Law Enforcement officer. No where within the Plaintiffs complaint that the Plaintiff allegated that he didn't battery or didn't Resisted the officer.

The Plaintiff is arguing that even if he had previously offered force. The officers respond such unjustified force that a jury could find reasonably that the force was unjustified. The amount of force that the Defendants used was unjustified and was not call for.

The Defendant's Counsel attempting to use the version told by the Defendants to Heck-barr this case and to have their motion to dismiss granted. However Heck v. Humphrey issue is not a Jurisdictional bar, but rather a defense that is subject to waiver.

WHEREFORE the Plaintiff respectfully request that Defendants Motion to Dismiss be denied.

/s/ [signature]
LESAMUEL PALMER #L41847 a/k/a
KING ZULU M. Ali Shabazz
Santa Rosa Correctional Inst
5850 East Milton Rd
Milton Fl 32583

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Foregoing was handed to a Correctional Officer to be served by mailed to Sean W. Gellis Asst. Atty. General at The Office of Atty. General The Capital Suite PL-01 Tallahassee, FL 32399 on the 9th day of May, 2016.

/s/ [signature]
LeSamuel Palmer a/k/a
KING ZULU M. Ali Shabazz