UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESAMUEL PALMER, A/K/A
KING ZULU M. ALI SHABAZZ,

    Plaintiff,

v.                                              Case No. 3:14-cv-362-J-20JBT

RONNIE L. MORRIS, et al.,

    Defendants.
_____

**ORDER**

    Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint) pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff names as Defendants three correctional officers who were employed at Florida State Prison at the time of the incident alleged in the Complaint. According to Plaintiff, in January 2012, Defendants conspired to permit a physical altercation to occur between Plaintiff and another inmate, and then after the assault, the Defendants used excessive force on Plaintiff and submitted false incident reports to cover up their actions.

    Before the Court is Defendants' Motion to Dismiss (Doc. 17) (Motion). In the Motion, Defendants argue that Plaintiff's Complaint must be dismissed for two reasons: (1) Plaintiff is a three-strikes litigant who should not be allowed to proceed as a pauper in this case; and (2) Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Court previously notified

Plaintiff that the granting of a motion to dismiss may foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Order (Doc. 12). Plaintiff filed a Response to Defendants' Motion to Dismiss (Doc. 20) (Response). The Motion is ripe for review.

Regarding Defendants' first argument, the Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Defendants list five cases filed by Plaintiff that they believe constitute strikes: two of the cases are habeas corpus cases and the remaining three cases are civil rights cases.

"When a habeas petition is dismissed, that disposition cannot count as a strike under the PLRA because the PLRA's revised [in] forma pauperis provisions relating to prisoners do not apply to habeas proceedings." El-Shaddai v. Zamora, No. 13-56104, 2016 WL 4254980, at *7 (9th Cir. Aug. 12, 2016) (citation and quotations omitted); Jones v. Smith, 720 F.3d 142, 146 (2d Cir. 2013) ("[D]ismissals of habeas petitions filed pursuant to sections 2254

or 2255 cannot constitute strikes for purposes of the PLRA."); see generally Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997) ("Congress promulgated the PLRA to curtail prisoner tort, civil rights and conditions litigation, not the filing of habeas corpus petitions."). Therefore, the Court finds that the dismissals of Plaintiff's habeas petitions as time-barred do not qualify as strikes under section 1915(g).

As to the three civil rights cases filed by Plaintiff, the Court notes that not every dismissal of a civil rights case constitutes a strike.

> Three specific grounds render a dismissal a strike: "frivolous," "malicious," and "fails to state a claim upon which relief may be granted." Under the negative-implication canon, these three grounds are the only grounds that can render a dismissal a strike. Neither "lack of jurisdiction" nor "want of prosecution" are enumerated grounds, so a dismissal on either of those bases, without more, cannot serve as a strike. Other circuits agree.

Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1283-84 (11th Cir. 2016) (citations omitted) (emphasis added).

The Court finds that the dismissal of case no. 3:12-cv-814-J-12MCR for lack of prosecution does not count as a strike. In that case, an order was entered on September 4, 2013, directing the plaintiff to file an amended complaint by July 11, 2013. See Order to Amend (Doc. 9), No. 3:12-cv-814-J-12MCR. When he did not comply, on September 4, 2013, the Court dismissed the case without

prejudice for Plaintiff's lack of prosecution. See Order of Dismissal Without Prejudice (Doc. 10), No. 3:12-cv-814-J-12MCR. While a dismissal for failure to prosecute may lead to a strike in certain circumstances, such as if the plaintiff files a frivolous response to a court order, that is not the case here. See Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008) (per curiam) ("A dismissal for failure to prosecute made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g)."); Logan v. Chestnut, No. 3:08-cv-993-J-12JRK, 2011 WL 1419647, at *3 (M.D. Fla. Apr. 13, 2011) (unpublished) ("Under the particular circumstances of the case at bar, with just a failure to return Marshal's forms in a timely fashion, the Court finds that [the c]ase . . . does not constitute a strike.").

Given the Court's findings that the dismissals of Plaintiff's habeas corpus cases and the dismissal of case no. 3:12-cv-814-J-12MCR for failure to prosecute do not constitute strikes, only two civil rights cases that Defendants consider to be strikes remain. As such, the Motion is due to be denied to the extent it seeks dismissal based on section 1915(g)'s three-strikes provision.

Defendants also argue that Plaintiff's Complaint must be dismissed as barred by Heck.

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

>>plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-87.

In support of their argument, Defendants attached copies of the state court criminal case docket showing that Plaintiff was convicted of aggravated battery by a detainee upon a detainee, battery on a law enforcement officer, resisting an officer with violence, and possession of a weapon. These convictions stemmed from the same incident that forms the basis of Plaintiff's Complaint. Defendants also submitted a copy of the probable cause affidavit that was filed in the state court criminal case which details the affiant's[1] description of the events. In pertinent part, the affidavit sets forth the following facts:

>>On January 19, 2012, at approximately 6:55 PM, Inmate Rashad Williams ("Inmate Williams") was in the shower on the second floor of B-wing. [Plaintiff] was restrained and escorted to the shower area. As [Plaintiff] crossed the shower entrance threshold, he pulled his right hand free of the right handcuff, retrieved an ice-pick type weapon from his waist area, and struck Inmate Williams in the upper torso area through the open bar stock of the shower door. Sergeant Ronnie Morris ("Sergeant Morris") immediately grasped [Plaintiff] and forced him

---

[1] The affiant is Senior Correctional Officer Inspector Kevin Snow, who is not a party in this case.

> towards the back wall of the shower. [Plaintiff] then stabbed Sergeant Morris in the middle finger of the left hand. As Officer Stephen Douglas[] ("Officer Douglas") entered the shower area in an attempt to subdue [Plaintiff], [Plaintiff] stabbed toward Officer Douglas several times with the ice-pick type weapon. Ultimately, Officer Douglas was able to force the weapon away from [Plaintiff] and [Plaintiff] was subdued.

Doc. 17-8 at 1-2.

A finding in Plaintiff's favor on his excessive force claim would not necessarily imply the invalidity of Plaintiff's state court convictions. Plaintiff admits having a physical altercation with another inmate, but contends that after the altercation, the Defendants used excessive force on him that caused him injury. Plaintiff makes clear in his Response that he is challenging the "amount of force" used by Defendants. Response at 5. Considering the record, including Plaintiff's convictions and his allegations in the Complaint, the Court finds that Plaintiff could have committed all of the acts he was convicted of and the Defendants' alleged use of force still could be found to be excessive. See Hadley v. Gutierrez, 526 F.3d 1324, 1331 (11th Cir. 2008) ("It is theoretically possible that [the plaintiff] was punched then resisted, or even that he resisted first, but was punched after he stopped resisting. So the question becomes, viewing the evidence in the light most favorable to [the plaintiff], whether a jury could conclude that at some point [the defendant] punched [the plaintiff] in the stomach when he was not resisting? If so, there is a

constitutional violation not barred by Heck."); Dyer v. Lee, 488 F.3d 876, 883 (11th Cir. 2007) (finding that Heck did not bar a plaintiff's § 1983 case alleging excessive force during her arrest; explaining that "[a] reasonable jury could, without too much trouble, find both that the defendants used excessive force, and that not all of plaintiff's violent acts were justified as self-defense"). Therefore, Plaintiff's excessive force claim is not barred by Heck.

Likewise, Plaintiff's allegations that Defendants conspired to put him in a situation where he and another inmate could fight and Defendants submitted false reports regarding the incident, if found to be true, do not necessarily undermine his state court convictions. See Davis v. Hodges, 481 F. App'x 553, 555 (11th Cir. 2012) (reversing the district court's application of the Heck-bar and finding that "the disciplinary report's finding that [the plaintiff] and the other inmate were 'head butting each other and pushing each other against the walls' does not necessarily contradict or even undermine [the plaintiff's] claims that prison officers conspired to put him in that situation, that they incited the other inmate to attack him, and that they failed to intervene"). The Court recognizes that some of Plaintiff's factual allegations in the Complaint contradict some of the factual allegations in the probable cause affidavit. However, the record

-7-

before the Court at this juncture requires that the Motion be denied.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 17) is **DENIED**.

2. Defendants shall file an answer to the Complaint within **FOURTEEN DAYS** of the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 13 day of October, 2016.

_____
UNITED STATES DISTRICT JUDGE

cr 10/13
c:
LeSamuel Palmer, a/k/a King Zulu M. Ali Shabazz, #L41847
Counsel of Record