**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**LESAMUEL PALMER,**

     **Plaintiff,**

**v.**                              **Case No. 3:14-cv-362-J-20JBT**

**RONNIE L. MORRIS, et al.,**

     **Defendants.**

_____

## RESPONSE TO PLAINTIFF'S MOTION TO DEPOSE INMATE WILLIAMS (Doc. 78) AND REPLY TO PLAINTIFF'S RESPONSE (Doc. 79)

Defendants Morris, Douglass, and Young ("Defendants"), through undersigned counsel, timely respond to Plaintiff's Motion for Leave to Take Video Depositions (Doc. 78) and reply to Plaintiff's Response to Defendants' Motion for Protective Order (Doc. 79) as follows:

1. As stated by Plaintiff's counsel, Defendants' do not object to Plaintiff deposing Inmate Rashard Williams. (Doc. 82) Defendants only request Plaintiff comply with Federal and local rules in setting the deposition.

2. Defendants' position is still that any deposition of any witness should not be taken for the sole purpose of using the deposition as a substitution of live testimony. As previously noted by Defendants, the Department of Corrections has previously stated that the Department has no issue complying to a writ of habeas corpus ad testificandum directing the Department produce a witness at trial for this case. (Doc. 70 ¶3)

3. Defendants disagree with the Plaintiff's liberal interpretation of the Court's October 12, 2018 reopening limited discovery in this case. (Doc. 72)

4. When asking for additional, limited discovery, Plaintiff generally cited Defendants' previous interrogatory answers as an area of concern for Plaintiff's counsel, he did not address the

topic further.   Further, in his request, Plaintiff gave a very specific list of discovery sought as justification to reopen discovery. (Doc. 67 at 5-6) Plaintiff did not request additional interrogatories or admissions from the Defendants.

5.      The Defendants largely did not object to the limited discovery Plaintiff requested. (Doc. 70)

6.      In re-opening discovery, the Court specifically made no ruling on Defendants' previous discovery answers or the Defendants stated objections.   The Court stated that any objections or issues related to discovery would be handled in the normal course. (Doc. 72)

7.      The Defendants' position is that the normal course of discovery would have required Plaintiff to file a timely request for additional interrogatories or a proper motion to compel under Local Rule 3.04.  Instead, Plaintiff has only made a general claim that Defendants' previous interrogatory answers were evasive or obstructive and interpreted the Court's October 12 Order as allowing Plaintiff to have a free and complete do over of discovery.

8.      Instead of serving Defendants with over 100 requests for admissions not mentioned or requested in the Motion to Re-Open *Limited* Discovery (Doc. 67) (emphasis added), Plaintiff could instead work with Defendants to come up with pre-trial stipulations under the normal rules of procedure.

9.      Defendants restate their position that Plaintiff's additional interrogatories and requests for admissions exceed the Court's Order granted additional limited discovery. (Doc. 77)

**WHEREFORE** the foregoing reasons, Defendants Request the Court to grant Defendant's Motion for a Protective Order. (Doc. 77) Defendants have no objection to a deposition of Inmate Williams within the Federal and Local Rules of Civil Procedure.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ David Welch
DAVID WELCH
Assistant Attorney General
Florida Bar No. 57911
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
david.welch@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I hereby certify** that, on this 22nd day of January 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that the following person(s) registered to be notified by the CM/ECF electronic mail system: **James V. Cook**, Law Office of James Cook., 314 West Jefferson Street, Tallahassee, Florida, 32301 (Counsel for Plaintiff).

ASHLEY MOODY
ATTORNEY GENERAL

/s/ David Welch
DAVID WELCH
Assistant Attorney General

3